### SCHOENBERG v. THORNER et al.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

1. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDING—EFFECT.

Where the evidence was conflicting, a finding in favor of defendants must be treated on appeal as establishing all disputed questions of fact in their favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

2. SALES (§ 425*)—WARRANTIES—BREACH.

While the right of action for the breach of an express warranty is not lost by acceptance, yet the breach is not a defense to an action for the price, but can only be set up by way of counterclaim.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1207, 1208; Dec. Dig. § 425.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Schoenberg against Victor Thorner and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Hirschman & Drucker, of New York City (Edward W. Drucker, of New York City, of counsel), for appellant.

Emil A. Klein, of New York City, for respondents.

LEHMAN, J.   The plaintiff brought an action for $52.10, the agreed price of four barrels of tomato catsup sold to defendants, less $20 paid by the defendants.   The defendants claimed that the catsup was sold under an express warranty that it was of good quality and suitable for bottling, and counterclaimed in the sum of $40 for breach of this contract.·  The trial justice, after hearing the testimony, gave judgment for the defendants, dismissing the complaint on the merits and allowing the defendants $13 on the counterclaim.   [1, 2] Upon this appeal we are bound to consider that all disputed questions of fact have been resolved in favor of the defendants, and we may therefore consider the following facts established: The plaintiff did give an express warranty that the catsup sold was suitable for bottling, and as a matter of fact it was of inferior quality.   The defendants bottled it and sold the bottles at five cents apiece, but the catsup fermented and over six gross of bottles were returned to the defendants.   These facts, if true, I think, clearly establish the defendants' counterclaim.   I do not see, however, on what theory they justify the dismissal of the complaint.   The defendants have made no effort to rescind the purchase; in fact, they have sold all the catsup and have paid $20 after they knew of the alleged breach of warranty.   They did not even attempt to return the catsup which their customers returned to·them, and after the trial this catsup, which had been produced, was returned to them.   It is elementary that a right of action for the breach of an express warranty survives acceptance; but thereafter the breach may be shown, not as a defense to the action for the agreed price, but only under the counterclaim.   Beyond any question, therefore, the plaintiff was entitled to a judgment upon his cause of action for the sum of $52.10, reduced by the amount of damage which the defendants might show under their counterclaim.   The six gross of bottles returned were only a fraction of the amount bottled and sold, and even at 5 cents a bottle would only be worth $43; yet the defendants have in effect been·allowed the sum of $65 on a counterclaim where they asked only $40.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.